


JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

ERIC ZIPP, WILLIAM J. WALKER, JR.,
and MICHELLE MARKOTA, on behalf of
themselves and all others similarly situated,

                      Plaintiffs,

-against-

WORLD MORTGAGE COMPANY, WORLD
SAVINGS BANK, F.S.B., GOLDEN WEST
FINANCIAL CORP., WACHOVIA MORTGAGE
CORPORATION and WACHOVIA
CORPORATION,

                      Defendants.
-----------------------------------------------------X

08 Civ.

**CLASS AND COLLECTIVE
ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**



RECEIVED
JUN 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Eric Zipp, Michelle Markota and William J. Walker, Jr., on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other former, current and future similarly situated real estate appraisers who worked for the defendants throughout the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b), that they are entitled to: (i) declaratory and injunctive relief; (ii) unpaid overtime wages from Defendants for their work; (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq; and, (iv) attorneys' fees.

2. Plaintiffs further complain on behalf of themselves, and a class of other former,

-1-

current and future similarly situated Real Estate Appraisers who worked for the Defendants throughout the United States, pursuant to Fed. R.Civ.P. 23, that they are entitled to: (i) declaratory and injunctive relief; and, (ii) attorneys' fees and costs, due to Defendants' failure to maintain records sufficient to determine benefits due or which may become due under the Defendants' savings and/or pension plans, failure to adequately fund the respective savings and/or pension plans, and failing to meet their fiduciary obligations in violation of the Employee Retirement Income Security Act ("ERISA") § 209 and 404 and 29 U.S.C. §§ 1059 and 1104.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216 (b) and 29 U.S.C. § 1132 (e) (1).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and ERISA § 502 (e) (2) because Defendants all "reside" in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Eric Zipp (named Plaintiff or Zipp) is an adult individual residing in the City and State of New York. He is presently employed by Defendants as a Mortgage Appraiser I and works out of his home in New York City and in Defendants' office located in Paramus, New Jersey.

7. Plaintiff William J. Walker, Jr., (named Plaintiff or Walker) is an adult individual residing in New Jersey. He was employed by Defendants from June 2003 to January 2006 as an Appraiser and, while employed, worked out of his home and in Defendants' office located in

Manalpan, New Jersey.

8. Plaintiff Michelle Markota, (named Plaintiff or Markota) is an adult individual residing in New Jersey. She was employed by Defendants from approximately October 2004 to October 2007 and, while employed, worked out of her residence and in Defendants' office located in Somerset, New Jersey. From approximately July 2005 to October 2007, Markota was employed by Defendants as a Staff Appraiser.

9. Defendant World Mortgage Company is a Colorado company which originates and services residential mortgage loans throughout the United States. Upon information and belief, it is a subsidiary of Defendant Golden West Financial Corporation. Defendant World Mortgage Company, upon information and belief, sponsored certain employer benefit plans which it provided to its employees. As recently as April 30, 2008, Plaintiff Zipp's "Pay Group" was identified by the Defendants as World Mortgage Company.

10. Defendant World Savings Bank, FSB, is a California company which originates and services residential mortgage loans throughout the United States. Upon information and belief, it operated as a stand alone savings and loan institution, was federally chartered and is a subsidiary of Defendant Golden West Financial Corporation. Defendant World Savings Bank, FSB, upon information and belief, sponsored certain employer benefits plans which it provided to its employees.

11. Golden West Financial Corporation was a California savings and loan holding company, the principal business of which was the operation of a savings bank business through its wholly owned federally chartered savings bank subsidiary, Defendant World Savings Bank, FSB. Golden West's principal business was, and continues to be, as a residential mortgage

-3-

portfolio lender, which it conducts through its subsidiaries, World Mortgage Company and World Savings Bank, FSB. As the parent company of World Mortgage Company and World Savings Bank, FSB, Golden West Financial Corporation maintains a significant degree of control over the operation of these Defendants and the terms and conditions of employment of their employees. Defendant Golden West Financial Corporation, upon information and belief, sponsored, and continues to sponsor, certain employer benefits plans which it provided to its employees. Having been acquired by Defendant Wachovia Corporation in October 2006, Golden West's principal place of business is now in North Carolina but it continues to operate as a residential mortgage portfolio lender throughout the United States, including New York and New Jersey.

12. Defendant Wachovia Mortgage Corporation is a North Carolina corporation and a subsidiary of Defendant Wachovia Corporation. Upon information and belief, it is the residential lending unit of Wachovia Corporation in that it originates and services loans through employees and consultants at Wachovia financial centers throughout the United States. Defendant Wachovia Mortgage Corporation's company-wide policies and practices described herein were performed throughout the United States, including in New York and New Jersey.

13. Defendant Wachovia Corporation, the fourth largest bank holding company in the United States based on assets, is a diversified financial services company that provides a broad range of retail banking, brokerage, asset management and investment services. It has retail and commercial banking operations in twenty-one states and an active nationwide mortgage lending business. Defendant Wachovia Corporation is the successor in interest to Defendant Golden West Financial Corporation, World Mortgage Company and World Savings Bank, FSB as a

result of its October 2006 acquisition of Defendant Golden West. Moreover, Defendant Wachovia Corporation maintains a significant degree of control over all of the Defendants' employees, including the terms and conditions of their employment. Defendant Wachovia Corporation is the Plan Sponsor of certain employee benefit plans, including the plans of the acquired Defendants, which are provided to the Defendants' employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Defendants employ Appraisers at various levels based on their qualifications and experience. These levels or job titles range from Trainee or Assistant Appraiser to Staff Appraiser V.

15. Appraisers are not required to have a college degree, exercise little discretion, receive their assignments from their Manager and produce Appraisals pursuant to Defendants' standardized appraisal process. Defendants ask their Appraisers to produce "Consistent Appraisals."

16. Defendants provide their Appraisers with a laptop computer which enables them to perform some part of their job duties from their home.

17. The primary duties of Defendants' Appraisers are inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property Appraisals for single and/or multiple family residences.

18. Defendants require Appraisers to complete a certain amount of Appraisals per week which often necessitates the Appraisers to work in excess of forty hours in a work week.

19. Defendants have permitted or suffered the named Plaintiffs and all others similarly situated to work in excess of forty hours per week without receiving overtime pay at one and one-

half times their regular rate as required by the FLSA.

20. Named Plaintiff Zipp started working for Defendants in April 2005 as a Trainee or Assistant Appraiser. He is presently a Mortgage Appraiser I and continues to be employed by Defendants. He does some of his work at his residence and the remainder at Defendants' offices located in Paramus, New Jersey. His primary job duties are inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property appraisals for single or multiple family residences.

21. Named Plaintiff Walker, Jr. started working for Defendants in June 2003 and resigned in January 2006. He was designated by Defendants as an Appraiser II. He did some of his work at his residence and the remainder at Defendants' offices located in Manalpan, New Jersey. His primary job duties were inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property appraisals for single or multiple family residences.

22. Named Plaintiff Markota started working for defendants in October 2004 and resigned in October 2007. After working for Defendants as a customer services representative from October 2004 to July 2005, Markota worked as an Appraiser. At the time of her resignation in October 2007, she was designated by Defendants as an Appraiser II. She did some of her work at her residence and the remainder at Defendants' offices located in Somerset, New Jersey. Her primary job duties, as an Appraiser, were inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property Appraisals for single or multiple family residences.

23. Named Plaintiffs were hired by Defendants World Mortgage Corporation and/or

World Savings Bank, FSB and improperly classified as exempt employees. In order to complete their work, they regularly worked in excess of forty hours per week without receiving overtime pay at one and one-half times their regular rate.

24. In May 2006, Defendant Wachovia Corporation announced it was acquiring Defendant Golden West Financial Corporation and its subsidiaries.

25. A month or two later, in the summer of 2006, named Plaintiffs Zipp and Markota were reclassified as non-exempt employees. Despite this reclassification, none of their primary job duties changed. Upon information and belief, those employees similarly situated to the named Plaintiffs were also reclassified as non-exempt employees and their job duties were not changed.

26. In October 2006, Defendant Wachovia Corporation formally completed the acquisition of Defendant Golden West Financial Corporation and its subsidiaries. With this acquisition, Defendant Wachovia Corporation assumed all of the assets and liabilities of Defendant Golden West Financial Corporation and its subsidiaries.

27. In or around January 2008, as part of Defendant Wachovia Corporation's efforts to integrate its operations with Defendants Golden West Financial Corporation and World Mortgage Corporation, Defendant Wachovia Corporation provided named Plaintiff Zipp and all others similarly situated a memorandum, dated January 3, 2008, converting their job codes and titles.

28. This conversion matched the Golden West Financial Corporation/World Mortgage Corporation job titles and duties of named Plaintiff Zipp and all others similarly situated with their equivalent job title and duties at Defendants Wachovia Corporation and Wachovia

Mortgage Corporation.

29. As a result of this conversion, named Plaintiff Zipp was designated a Mortgage Appraiser I and classified as non-exempt. Upon information and belief, all other similarly situated employees of Defendants were also reclassified as non-exempt employees.

30. The Defendants have permitted or suffered the named Plaintiffs, and all others similarly situated, to work hours in excess of forty hours per week without paying them overtime pay at one and one-half times their regular rate as required by the FLSA.

31. In order to avoid paying the named Plaintiffs and all other similarly situated employees nationwide overtime, Defendants would alter hours reported by employees; dock or reduce overtime hours worked; resist assigning employees work who insisted on seeking payment for overtime; make one hour automatic deductions for lunch periods even when interrupted by Defendants' work or not taken at all; fail to pay employees for "off the clock" work which Defendants were or should have been aware; criticize employees in their performance Appraisals if they worked overtime; instruct employees not to report overtime hours worked; and, induce employees to work unpaid overtime by paying them a flat fee for the completion of Appraisals.

32. Named Plaintiffs bring this FLSA collective action on behalf of themselves and all other persons who were, are or will be employed by Defendants nationwide as Staff or Mortgage Appraisers, or any other employees employed by Defendants nationwide whose primary duties include inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property Appraisals for single or multiple family residences, at any time within the three years prior to the filing date of this action

-8-

through the date of final disposition, and who were, are or will be at any time within that period improperly classified by Defendants as exempt from the overtime pay requirements of the FLSA and permitted or suffered to work in excess of forty hours per week without receiving overtime pay as required by federal law ("Nationwide FLSA Collective Plaintiffs").

33. The named Plaintiffs and the Nationwide FLSA Collective Plaintiffs are similarly situated in that they have, had or will have at all relevant times, substantially similar job requirements, duties, and pay provisions, and were subject to Defendants' prior practice, policy or plan of unlawfully classifying them as exempt, and thereafter, although properly classifying them as non-exempt, continue to fail to pay them overtime for all hours worked in excess of forty in a work week.

34. The named Plaintiffs' consents to sue for violations of the FLSA are filed herein.

### ERISA CLASS ALLEGATIONS

35. At all relevant times, the named Plaintiffs are, or were, employees of Defendants within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and participants in their Pension and Savings Plans.

36. At all relevant times, Defendants have been the plan sponsor of the Pension and Savings Plans within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(21)(A). On information and belief, Defendants have exercised actual responsibility, authority and/or control with regard to the crediting of compensation under the Pension and Savings Plans, thereby making them a fiduciary of each of those plans within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

37. At all relevant times, Defendants have been and continue to be the administrator of

the Pension and Savings Plans pursuant to ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of the Pension and Savings Plans pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of the Pension and Savings Plans pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21).

38. Defendants' Pension Plan provides and provided the named Plaintiffs, as participants, with Cash Balance Pay Credits based on the amount of their annual Benefits Pay. Benefits Pay, according to the Pension Plan, includes compensation for overtime hours worked. In order to determine the amount of an employee or participant's Benefits Pay, including overtime compensation, Defendants are, and were, required to maintain accurate records sufficient to determine the amount of benefits due or which would become due.

39. The Defendants' Savings Plan is a tax qualified 401(k) Plan that provides for employer matching contributions up to six percent of a participant's eligible pay. In order to determine the amount of an employee or participant's eligible pay, including overtime compensation, and the amount of contributions under the Saving Plan, Defendants were required to maintain accurate records of overtime hours worked to credit the proper amount of pretax employee and employer contributions.

40. Defendants failed to maintain records sufficient to determine the level of actual overtime compensation earned for purposes of determining employee benefits due or which may become due under the Pension and Savings Plans as required under ERISA § 209, 29 U.S.C. 1059.

41. The named Plaintiffs bring this action, pursuant to Rules 23(a), (b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure, individually and as class representatives on behalf of all

Staff and/or Mortgage Appraisers nationwide with primary duties of inspecting residential properties, conducting on-line or municipal data searches, researching comparable local sales and completing residential property appraisals for single or multiple family residences, who were, are, or will be participants of the Defendants' Pension and/or Savings Plans (hereafter, "ERISA Class Members").

42. The ERISA Class Members are so numerous that joinder of all members is impracticable.

43. Questions of law and fact common to the ERISA Class Members as a whole include, but are not limited to, the following:

a. Whether Defendants failed and continue to fail to maintain accurate records of actual time worked and wages earned by the named Plaintiffs and ERISA Class Members;

b. Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the named Plaintiffs and ERISA Class Members;

c. Whether Defendants have violated and continue to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d. Whether Defendants credited the named Plaintiffs and the ERISA Class Members with all Eligible Compensation which they were paid or entitled to be paid for purposes of the Savings Plan as required by ERISA;

e. Whether Defendants credited the named Plaintiffs and the ERISA Class Members with all Benefits Pay for which they were paid or entitled to be paid for purposes of the Pension Plan as required by ERISA;

f. Whether Defendants violated ERISA's fiduciary requirements by failing to maintain records to credit the named Plaintiffs and the ERISA Class Members with all eligible compensation, including overtime compensation, for purposes of determining benefits due under the Defendants' Pension and Savings Plans.

44. The named Plaintiffs' claims are typical of those of the ERISA Class Members, as they were subject to the same policies and practices of failing to record overtime worked, and its policy and practice of failing to credit all overtime compensation earned or owing as compensation under Defendants' Pension and Savings Plans.

45. The named Plaintiffs will fairly and adequately represent and protect the interests of the ERISA Class Members, and have retained competent class counsel experienced in class actions.

46. Class certification of the ERISA claims is appropriate pursuant to Rule 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Rule 23 (b)(2) because Defendants acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the named Plaintiffs and the ERISA Class as a whole.

## FIRST CLAIM FOR RELIEF

### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Brought by Named Plaintiffs on Behalf of Themselves and the Nationwide FLSA Collective Plaintiffs)

47. Named Plaintiffs, on behalf of themselves and all Nationwide FLSA Collective

Plaintiffs, reallege and incorporate by reference paragraphs 1 through 46 as if they were set forth again herein.

48. At all relevant times, Defendants have been and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ, employees, including Named Plaintiffs and each of the collective Nationwide FLSA Collective Plaintiffs. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

49. Attached hereto are consents to sue signed by the Named Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

50. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

51. The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

52. At all relevant times, Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

53. By failing to compensate Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and §215(a).

-13-

54.  By failing to record and/or preserve records of hours worked by the Named Plaintiffs and the FLSA Collective Plaintiffs, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

55.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56.  The Named Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b),  recovery of their attorneys' fees and the costs of this action as provided by the FLSA, 29 U.S.C. § 216(b), interest and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Brought by Named Plaintiffs on Behalf of Themselves and the ERISA Class) (ERISA § 502(a)(3) based on failure to Maintain Records)

57.  Named Plaintiffs, on behalf of themselves and all ERISA Plaintiffs, reallege and incorporate by reference paragraphs 1 through 56 as if they were set forth again herein.

58.  ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

-14-

59. On information and belief, the Savings Plan and the Pension Plan are employee pension benefit plans within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

60. Pursuant to the terms of the Savings Plan, employees' rights to share in the contributions to the Plan are dependant, in part, on their Eligible Compensation, which is defined in the Plan to include, among other things, employees' overtime wages.

61. Pursuant to the terms of the Pension Plan, employees' rights to share in the contributions to the Plan are dependant, in part, on their compensation, which includes, among other things, employees' overtime wages.

62. By its failure to record and/or report all of the hours worked by the Named Plaintiffs and members of the prospective ERISA Class, Defendants have failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Pension Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

63. By its failure to record and/or report all of the hours worked by the Named Plaintiffs and members of the prospective ERISA Class, Defendants have failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Savings Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

64. In order to remedy this violation of ERISA by Defendants, the named Plaintiffs on behalf of themselves and members of the ERISA Class seek injunctive relief and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

65. Named Plaintiffs on behalf of themselves and members of the ERISA Class seek

recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## THIRD CLAIM FOR RELIEF

### (Brought by Named Plaintiffs on Behalf of Themselves and the ERISA Class) (Pursuant to ERISA § 502(a)(3) to remedy Failures to Credit Service As Required by ERISA)

66. Named Plaintiffs, on behalf of themselves and all ERISA Plaintiffs, reallege and incorporate by reference paragraphs 1 through 65 as if they were set forth again herein.

67. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aim; and (3) in accordance with the document and instruments governing the plan.

68. On information and belief, the governing documents of the Savings Plan confers on Defendants discretionary authority, responsibility and/or control with respect to the crediting of compensation, thereby rendering Defendants fiduciaries in that regard.

69. On further information and belief, the governing documents of the Pension Plan confers on Defendants discretionary authority, responsibility and/or control with respect to the

crediting of compensation, thereby rendering Defendants fiduciaries in that regard.

70. On further information and belief, Defendants have exercised actual discretionary authority, responsibility and/or control on determining what compensation would and would not be credited as Eligible Compensation under the Savings Plan. By reason of the exercise of such discretion, Defendants have been  fiduciaries of that plan with respect to the crediting of compensation.

71. On further information and belief, Defendants have exercised actual discretionary authority, responsibility and/or control on determining what compensation would and would not be credited by the Pension Plan as Pensionable Pay. By reason of the exercise of such discretion, Defendants have been fiduciaries of that plan with respect to the crediting of compensation.

72. Defendants have breached its fiduciary duties by failing to credit compensation due for overtime performed by the Named Plaintiffs and the members of the ERISA Class as Eligible Compensation under the Savings Plan and Pensionable Pay under the Pension Plan.

73. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Named Plaintiffs on behalf of themselves and all members of the ERISA Class seek an injunction requiring Defendants to credit all members of the ERISA Class with Eligible Compensation under the Savings Plan and Pensionable Pay under the Pension Plan for all of the past and future overtime work performed by those Class members and any such other equitable relief as this Court deems appropriate.

74. The Named Plaintiffs on behalf of themselves and members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by Section 502(g)(1) of ERISA, 29 § 1132(g)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiffs, on behalf of themselves and the Nationwide Collective Class respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of damages consisting of unpaid overtime compensation and liquidated damages under the FLSA;

d. An injunction against the Defendants and their employees, representatives and agents from engaging in the unlawful practices described herein;

e. An award of prejudgment interest; and,

f. An award of attorneys' fees and the costs of this action.

**WHEREFORE**, the Named Plaintiffs, on behalf of themselves and the Nationwide ERISA Class respectfully request that this Court grant the following relief:

g. Certification of this action as a class action pursuant to Rule 23(b)(1) and (b)(2);

h. Designation of the Named Plaintiffs as Representatives of the ERISA Class;

i. A declaration that the practices complained of herein violate ERISA Sec. 209(a), 29 U.S.C. Sec. 1129(a);

j. Appropriate equitable and injunctive relief to remedy Defendants' violations of ERISA Sec. 209(a);

k. A declaration that Defendants breached its fiduciary duties by failing to credit the Named Plaintiffs and the ERISA Class with eligible compensation for all work performed, as required by ERISA and the terms of the Savings Plan;

l. A declaration that Defendants breached its fiduciary duties by failing to credit the Named Plaintiffs and the ERISA Class with Pensionable Pay for all work performed, as required by ERISA and the terms of the Defendants' Pension Plans;

m. An order requiring that Defendants remedy their breaches of fiduciary duty by crediting the Named Plaintiffs and the ERISA Class with Eligible Compensation and Pensionable Pay for all of their past, present and future uncompensated work; and,

n. An award of attorneys' fees and the costs of this action.


## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), the named plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: New York, New York
        June 2, 2008

                                        Respectfully submitted,

                        By:     _____
                                Bruce E. Menken (BEM 1140)
                                Kristen E. Finlon (KEF 2575)
                                BERANBAUM MENKEN BEN-ASHER
                                & BIERMAN LLP
                                80 Pine Street

-19-

New York, NY 10005
212-509-1616

By:       _____

Darnley D. Stewart (DS 0835)
Jason L. Solotaroff (JS 5739)
GISKAN SOLOTAROFF ANDERSON
& STEWART, LLP
11 Broadway, Suite 2150
New York, NY 10004
212-847-8315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ERIC ZIPP, WILLIAM J. WALKER, JR.,
and MICHELLE MARKOTA
on behalf of themselves
and all others similarly situated,                                    08 Civ. _____

                                        Plaintiffs,



                    -against-


WORLD MORTGAGE COMPANY, WORLD
SAVINGS BANK, F.S.B., WORLD SAVINGS,
F.S.B., GOLDEN WEST FINANCIAL CORP.,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA MORTGAGE F.S.B., WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION,

                                        Defendants.
--------------------------------------------------------X

### CONSENT PURSUANT TO 29 U.S.C. § 216 (b)

1. I wish to become a plaintiff in this action.

2. Pursuant to 29 U.S.C. § 216 (b), I hereby consent to the filing of this action.


Dated: 5/23/08       , 2008.

                                        _Michelle Markota_
                                        MICHELLE MARKOTA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ERIC ZIPP, WILLIAM J. WALKER, JR.,
and MICHELLE MARKOTA
on behalf of themselves
and all others similarly situated,                          08 Civ. _____

                              Plaintiffs,


                    -against-


WORLD MORTGAGE COMPANY, WORLD
SAVINGS BANK, F.S.B., WORLD SAVINGS,
F.S.B., GOLDEN WEST FINANCIAL CORP.,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA MORTGAGE F.S.B., WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION,

                              Defendants.
------------------------------------------------------X

### CONSENT PURSUANT TO 29 U.S.C. § 216 (b)

1. I wish to become a plaintiff in this action.

2. Pursuant to 29 U.S.C. § 216 (b), I hereby consent to the filing of this action.


Dated:  5/27_____ , 2008.

                                        _William J Walker_
                                        WILLIAM J. WALKER, JR.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ERIC ZIPP, WILLIAM J. WALKER, JR.,
and MICHELLE MARKOTA
on behalf of themselves
and all others similarly situated,                                    08 Civ. _____

                         Plaintiffs,


                -against-


WORLD MORTGAGE COMPANY, WORLD
SAVINGS BANK, F.S.B., WORLD SAVINGS,
F.S.B., GOLDEN WEST FINANCIAL CORP.,
WACHOVIA MORTGAGE CORPORATION,
WACHOVIA MORTGAGE F.S.B., WACHOVIA
BANK, N.A., and WACHOVIA CORPORATION,

                   Defendants.
-----------------------------------------------------X

### CONSENT PURSUANT TO 29 U.S.C. § 216 (b)

1. I wish to become a plaintiff in this action.

2. Pursuant to 29 U.S.C. § 216 (b), I hereby consent to the filing of this action.


Dated: _May 27_____, 2008.

                                       ERIC ZIPP